**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JASON DOUGLAS PROCTOR,

                Plaintiff,

v.                                    CIVIL ACTION NO.   2:15-cv-16255

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Claimant Jason Douglas Proctor's Complaint seeking review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner").   (ECF No. 2.)   By standing order filed in this case on January 5, 2016, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings of fact and recommendations for disposition ("PF&R").   (ECF No. 7.) On September 20, 2016, Magistrate Judge Aboulhosn issued a PF&R recommending that this Court deny Claimant's request for judgment on the pleadings, grant the Commissioner's request for judgment on the pleadings, affirm the final decision of the Commissioner, and dismiss this case with prejudice.   Claimant filed timely objections to the PF&R on October 3, 2016.

For the reasons provided herein, the Court **SUSTAINS IN PART** the objections, (ECF No. 18), **DECLINES TO ADOPT** the PF&R, (ECF No. 17), **GRANTS** Claimant's request for judgment on the pleadings, (ECF No. 12), to the extent that Claimant requests remand of this case,

**DENIES** the Commissioner's request for judgment on the pleadings, (ECF No. 13), **REVERSES** the final decision of the Commissioner, **REMANDS** this case for further proceedings pursuant to 42 U.S.C. § 405(g), and **DISMISSES** this action from the Court's docket.

## I.   BACKGROUND

The facts concerning this matter are fully set forth in the PF&R and need not be repeated here at length.   In short, Claimant filed applications for disability insurance benefits on August 20, 2012, alleging disability as of March 30, 2012.   (ECF No. 10-5 at 3.)   The application was denied initially and upon reconsideration.   (ECF No. 10-4 at 4–8, 10–12.)

A hearing was held before Administrative Law Judge John T. Molleur (the "ALJ") on June 25, 2014.   (ECF No. 10-2 at 30.)   On July 18, 2014, the ALJ issued an unfavorable decision.   (*Id.* at 9–21.)   The ALJ found at step one of the sequential evaluation process that Claimant has not engaged in substantial gainful activity since the alleged onset date.   At step two, the ALJ found that Claimant has the following severe impairments: "degenerative joint disease of the left knee and ankle with fused left ankle, scoliosis, degenerative disc disease of the lumbar spine, major depressive disorder, generalized anxiety disorder, pain disorder, and alcohol abuse."   (ECF No. 10-2 at 16.)   At step three of the analysis, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1.   (*Id.* at 18.)   The ALJ next found that Claimant "has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a)," with certain listed limitations.   (*Id.* at 20.)   At step four, the ALJ found that Claimant "is unable to perform any past relevant work." (*Id.* at 23.)   At step five, and on the basis of testimony of a vocational expert ("VE"), the ALJ determined that Claimant could perform jobs

that existed in significant numbers in the national economy, such as a cashier, a surveillance system monitor, and a document preparation clerk.   On this basis, benefits were denied.   (*Id.* at 24.)

The ALJ's decision became the final decision of the Commissioner on November 2, 2015, when the Appeals Council denied Claimant's request for review.   Claimant sought judicial review of the administrative decision by filing a Complaint in this Court on December 18, 2015.

## II.   LEGAL STANDARDS

### A.   Review of the PF&R

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### B.   Review of the ALJ's Findings and Decision

"Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *see, e.g.*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) ("A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law.").   Substantial evidence "means such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).   "[I]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Mastro*, 270 F.3d at 176 (alteration in original) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).   "In reviewing for substantial evidence, [the court should] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Craig*, 76 F.3d at 589 (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).   If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id.* (citing *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)).

A claimant "bears the burden of proving that he is disabled within the meaning of the Social Security Act." *English v. Shalala*, 10 F.3d 1080, 1082 (4th Cir. 1993) (citing 42 U.S.C. § 423(d)(5) and *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981)). "The term 'disability' means . . . inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Commissioner uses a five-step "sequential evaluation" process to evaluate a disability claim.   *See* 20 C.F.R. §§ 404.1520(a) & 416.920(a)(4).   In summary, the evaluation proceeds as follows:

> the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.

*Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015).   The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases.   *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

## III.   DISCUSSION

Claimant raises three objections to the findings and recommendations in Magistrate Judge Aboulhosn's PF&R.   First, Claimant asserts that the Magistrate Judge erred in finding that substantial evidence supported the ALJ's step-three determination regarding Listing 1.02(A). Second, Claimant argues that the Magistrate Judge incorrectly found that the ALJ properly accounted for Claimant's moderate social and mental limitations in crafting Claimant's residual functional capacity ("RFC").   Third, Claimant objects to the Magistrate Judge's finding that new and material evidence submitted by Claimant to the Appeals Council would not have affected the ALJ's decision.   Because the Court finds that the ALJ failed to follow Fourth Circuit precedent in determining RFC, Claimant's second objection is sustained.   The Court thus need not address the remaining objections, as these objections may be presented, if necessary, on remand.   *See Hazelwood v. Astrue*, No. 1:08-0279, 2009 WL 2762269, at *11 (S.D. W. Va. Aug. 26, 2009) (declining to address other objections when case would be remanded on other grounds).

### B.   RFC Analysis

Claimant contends that the Magistrate Judge erred in finding that the ALJ's RFC assessment adequately addressed Claimant's moderate difficulties in social functioning and in maintaining concentration, persistence, or pace.   Claimant argues that because the ALJ found that

Claimant was moderately limited in these areas, the ALJ should have considered how these limitations affected his ability to work.

RFC "is a determination of a claimant's capabilities, after account for [their] impairments, which occurs" prior to step four "of the five-step sequential evaluation of disability claims." *Blodgett v. Astrue*, No. 5:08cv0284, 2009 WL 3061987, at *5 (S.D. W. Va. Sept. 22, 2009) (citing 20 C.F.R. § 416.945(a)). When assessing a claimant's RFC, the ALJ "consider[s] [the claimant's] ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. §§ 404.1545(a)(4) & 416.945(a)(4). "RFC represents the most that an individual can do despite his or her limitations or restrictions." Soc. Sec. Admin., SSR 96-8p, *Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims*, 61 Fed. Reg. 34,474, 34,376 (July 2, 1996). "RFC takes into account both physical and mental impairments that may limit the claimant's work-related abilities." *Blodgett*, 2009 WL 3061987, at *5 (citing 20 C.F.R. § 416.945(b)–(c)). "All relevant evidence—medical, observational, and subjective—must be considered." *Id.* (citing 20 C.F.R. § 416.945(a)(3)); *see also* SSR 96-8p, 61 Fed. Reg. at 34,477 (listing examples of evidence the ALJ must consider in making the RFC determination).

To support his position that the ALJ erred in assessing RFC, Claimant relies on *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In *Mascio*, the ALJ determined at step three that the claimant "had moderate difficulties in maintaining her concentration, persistence, or pace as a side effect of her pain medication." In spite of this finding, the ALJ included nothing about the limitation in the RFC determination or in the hypothetical question posed to the VE. *Id.* at 637–38. The Fourth Circuit ruled on appeal that the ALJ's failure to explain the exclusion of the mental limitations required remand. *Id.* (finding that remand "may be appropriate . . . where an

ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record").  The court further held that the ALJ could not cure the error by simply "restricting the hypothetical question to simple, routine tasks or unskilled work."  *Id.* at 638 (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2001)).  The Fourth Circuit reasoned that "the ability to perform simple tasks differs from an ability to stay on task.  Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.*  On remand, the ALJ was to either explain why the concentration, persistence, or pace limitation did not affect the claimant's ability to work, or else incorporate this limitation in the RFC and present a new hypothetical to the VE accommodating such limitation.  *Id.*

This Court recently examined this particularly holding in *Mascio* on at least two prior occasions.  In *Byard v. Colvin*, the ALJ similarly found that the claimant experienced moderate deficiencies concentration, persistence, or pace.  No. 1:15-cv-11836, 2016 WL 4370063 (S.D. W. Va. July 26, 2016), *report and recommendation adopted*, No. 1:15-11836, 2016 WL 4370044 (S.D. W. Va. Aug. 15, 2016).  The ALJ's only apparent attempt to account for this deficiency in the RFC, however, was to limit the claimant to "simple, routine work."  *Id.* at *15.  "At no point in the discussion did the ALJ ever explain how [the] [c]laimant's moderate deficiency in maintaining concentration, persistence, or pace affected her ability to perform basic work-related activities."  *Id.*  As such, the reviewing magistrate judge could not determine how the claimant's restrictions could be expected to affect her work.  The magistrate judge recommended remand, directing that "[w]hen an ALJ finds that a claimant suffers from a moderate limitation in maintaining concentration, persistence, or pace, the ALJ must explain (1) how that limitation is

addressed in the RFC finding, or (2) why the limitation does not require an additional restriction in the RFC finding."  *Id.* at *16.

As in *Byard*, this Court remanded the Commissioner's decision in *Jackson v. Colvin* because the ALJ made no attempt to clarify in his written opinion how the claimant's mental limitation in concentration, persistence, and pace manifested functionally.   No. 3:14-cv-24834, 2015 WL 5786802 (S.D. W. Va. Sept. 30, 2015).   There, the ALJ found that the claimant could perform light work, including work involving simple tasks and instructions.  *Id.* at *3.  With regard to the claimant's moderate mental limitations, however, the ALJ summarily stated in the RFC assessment that "mental limitations are found based upon Jackson's testimony."  *Id.*  The error permeated both the RFC assessment and the hypothetical question, which did not account for the claimant's mental difficulties.  The Court found that the lack of analysis building a logical connection between the evidence and the RFC assessment made review impossible.  *Id.*  Upon remand, the Court directed the ALJ to consider whether the claimant's mental limitations affected his ability to work.  The ALJ would then be required to either include the limitations in the hypothetical or explain the decision to exclude them.  *Id.* at *5.

In this case, the ALJ found, after consideration of the entire record, that Claimant is limited to sedentary work and that he can only perform jobs that do not require reading or writing above a sixth grade level.  (ECF No. 10-2 at 20.)  The ALJ had determined earlier in his decision that Claimant was moderately limited with regard to social functioning as well as concentration, persistence, or pace.[1]  (*Id.* at 19.)  Nowhere in the decision, however, did the ALJ discuss the

---

[1] Listing 12.00C(2) defines "social functioning" as "your capacity to interact independently, appropriately, effectively, and on a sustained basis with other individuals."  20 C.F.R. Part 404, Subpt. P, App. 1.  The definition of "concentration, persistence, or pace" is explained in Listing 12.00C(3) as "the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of

8

limitations that would presumably follow from Claimant's moderate difficulties in these areas.[2] The ALJ only concluded, without elaboration, that "the [RFC] assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis."   (*Id.* at 20.) However, the ALJ did not explain his reasons for including a condition that Claimant cannot read or write anything above a sixth grade reading level and, in any event, this condition has no direct bearing on Claimant's ability to stay on task or interact in a socially appropriate manner with others.   In this way, the ALJ's error is even more pronounced than that in *Byard* and *Jackson*, where the ALJs at least attempted to account for the claimants' mental limitations by limiting them to work involving simple tasks and instructions.   *Byard*, 2016 WL 4370063, at * 16; *Jackson*, 2015 WL 5786802, at *3.   By contrast, here there is simply no explanation of why the ALJ's step-two findings did not "translate into a limitation" in the ALJ's RFC finding.   *Mascio*, 780 F.3d at 637.

Under *Mascio*, the ALJ, having found moderate deficiencies in maintaining concentration, persistence, or pace, was obligated to explain whether these deficiencies affected Claimant's ability to perform sedentary work.   It also follows from *Mascio* that the RFC assessment should similarly include either a limitation addressing social functioning or an explanation for the absence of such a limitation.   *See Roxin v. Comm'r, Social Sec. Admin*, 2015 WL 3616889, at *3 n.3 (D. Md. June 5, 2015).   The ALJ's decision in this case contains no such limitation or explanation on either front, and the Court therefore lacks the ability to meaningfully review the ALJ's decision.

---

tasks commonly found in work settings."   *Id.*

[2] Following *Mascio*, it stands to reason that the more functional limitation imposed by a given mental or social impairment, the more the need for the ALJ to consider such impairments in the ultimate RFC assessment.   *See Perry v. Colvin*, No. 2:15-cv-01145, 2016 WL 1183155, at *4 (S.D. W. Va. Mar. 28, 2016) (citing *Mascio*, 780 F.3d at 638).

9

*Mascio*, 780 F.3d at 636–37.   The ALJ must address these failings on remand and, if appropriate, incorporate his findings into the hypothetical question.   Claimant's objection is **SUSTAINED**.

<em>IV.     CONCLUSION</em>

For the reasons provided herein, the Court **SUSTAINS IN PART** the Objections, (ECF No. 18), **DECLINES TO ADOPT** the PF&R, (ECF No. 17), **GRANTS** Claimant's request for judgment on the pleadings, (ECF No. 12), to the extent that Claimant requests remand of this case, **DENIES** the Commissioner's request for judgment on the pleadings, (ECF No. 13), **REVERSES** the final decision of the Commissioner, **REMANDS** this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and **DISMISSES** this action from the Court's docket.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:       January 17, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

10